(February 7, 2013)

■ ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, as Subrogee of Yeshiva University, Respondent, v TISHMAN CONSTRUCTION CORPORATION OF NEW YORK et al., Appellants. [960 NYS2d 76]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered May 14, 2012, which granted defendants' motion to reargue their CPLR 3211 motion to dismiss the complaint and, upon reargument, modified the order, same court and Justice, entered August 10, 2011, denying their motion to dismiss the complaint, solely to state that defendants are named insureds

under the subject insurance policy, and otherwise adhered to the original determination, unanimously affirmed, without costs. Appeal from August 10, 2011 order, unanimously dismissed, without costs, as superseded by the appeal from the May 14, 2012 order.

Defendant Tishman Construction Corporation of New York entered into a contract to serve as the general contractor for construction of a building owned by Yeshiva University. Tishman subcontracted with defendant Sirina Fire Protection Corp. to install the building's fire suppression system. It is alleged that one of the sprinkler pipe couplings failed, causing water damage to several floors in the building. Plaintiff Allianz Global Risks US Insurance Company, Yeshiva's property insurer, paid Yeshiva more than $550,000 to cover the loss.

Allianz commenced this subrogation action against defendants to recover the insurance payment it made to Yeshiva. The complaint alleges that the damages were caused as a result of Sirina's negligent installation of the fire suppression system, and Tishman's approval of the improperly installed system. Defendants moved to dismiss the action as barred by the antisubrogation rule. Defendants assert that they are covered by a liability insurance policy issued by AIG under an Owner Controlled Insurance Program, and that Yeshiva is obligated to cover the first one million dollars of damages. Defendants argue that, if successful, plaintiff will essentially recover from Yeshiva, its own insured, because the damages alleged are less than one million dollars.

At this pre-answer stage of the proceedings, we cannot say, as a matter of law, that the action is barred by the antisubrogation rule. In the absence of discovery, there are issues of fact as to whether the AIG policy provides coverage to defendants for the loss. The complaint lacks sufficient details about the scope and location of the damages to the building, precluding a determination as to whether certain exclusions in the policy apply (see George A. Fuller Co. v United States Fid. & Guar. Co., 200 AD2d 255, 259-261 [1st Dept 1994], lv denied 84 NY2d 806 [1994]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Sweeny, Richter, Román and Clark, JJ.